Nash, J.
 

 This_ is an indictment or presentment of the grand jury of Pasquotank county, against the defendant, under the 31st section of the 111th chapter of the Revised Statutes.
 

 The indictment sets forth, «that Clarissa, a slave, late the property of one Arthur Butt, with force and arms, &c. unlawfully did hire her own time, contrary to the form of the statute in such case made and provided.” The first clause of the section, under which these proceedings are instituted, is as follows:
 
 “It
 
 shall not be lawful, under any pretence whatever, for any person or persons to allow his, or her, or their slave, or any slave under
 
 *223
 
 his, her or their command or direction, to hire his, her or their time, under the penalty of forfeiting the sum of forty dollars, for each and every oifence, to be recovered before any justice of the peace, to the sole benefit of the party prosecuting.” The succeeding clause declares,
 
 “
 
 it shall be the duty of the grand jury, both in the County and Superior Court, to make presentment of any slave, who shall be permitted by his or her master or mistress to go at large, having hired his or her time.” The clause then goes on to provide for a trial by juryj the owner having received ten days notice before the sitting of the court; and if the jury shall find that the presentment is true, the slave shall be hired out by the sheriff, at public auction, for the space of one year, he taking bond for the hire, payable to the State of North Carolina, for the use of the poor of the county. It will be perceived, that by the first clause, a pecuniary fine is inflicted on the owner of the slave for hiring to him his time, and that the legislature has said, by whom and to whose use the penalty shall, be recovered, to wit, by any person prosecuting or suing for the same, and to his own use, before any magistrate. For the offence contained in this clause, no indictment can be sustained against the master,
 
 his
 
 personal liability is for the penalty of forty dollars;
 
 State v. Clemons,
 
 3 Dev. 472. Nor is the slave subject to any proceedings. The succeeding clause points out when the criminal process shall issue, and against whom — not against the master, but the slave. It is under this part of the action, that this indictment or presentment has been framed ; and we are of opinion it cannot be sustained, because it does not set forth the offence' the statute intended to punish. The crime consists not alone in the slave being permitted to hire his or her time, but also being suffered by the master to go at large — both circumstances must exist, and both must be charged. Every indictment must contain on its face a complete description of such facts and circumstances, as constitute the crime. This is necessary, as well for the individual charged, to enable him to prepare his testimony, and to protect him against any future liability to a prosecution for the same offence,- as'for the court to enable
 
 *224
 
 them, in looking into the record, to decide whether the facts charged are sufficient to support a conviction of the particular crime stated; and, also, in some cases, to guide them in inflict-jng. ¡¿e appropriate punishment. Starkie’s Crim. Plead. 73,266. The indictment in thiscase simply charges a hiring of her time by the slave, Clarissa. For aught that appears on it, she never was permitted to go at large, which is indeed the
 
 gravamen of
 
 the offence — in other words the overt act — and essentially necessary to its completion. For this reason, the indictment is defective. A motion was made in the Superior Court to quash the indictment for two reasons; the first, that the act of 1794 was repealed or superseded by that of 1831, and 2d, that by the act of ’94, the proceeding ought to have been by presentment and not by indictment, and that the Superior Court had not jurisdiction. "We should not notice these objections, as we sustain the judgment on other grounds, but from the apprehension that from our silence, it might be supposed we concur in them. We do not accede to the correctness of either proposition. Both the act of 1794 and 1831 are embodied in the 111th chapter of the revised statutes, the former constituting the 31st section, and the latter the 32d; and each act or section was intended to punish different offences. The act of ’94 intended to punish the master with the loss of the time of his slave, for permitting him to go at large, and having hired his time — the 32d section was directed to another offence, considered by the legislature more pernicious to the community than the former, the permitting slaves to act as freemen; and if any owner « consent or connive at the commission of such offence, he shall be subject to indictment, and on conviction be fined by the court not exceeding one hundred dollars.” To constitute this offence, it is not necessary that the slave should hire his time; on the contrary, it supposes that the master has abandoned all control of the slave, and in this way, endeavored to emancipate him or her without observing the requisitions of the law. Under the act of ’94, or the 31st sec. of the 111th ch. of the revised statutes, the master is not liable to any indictment. Under that of 1831, he is.
 
 *225
 
 The act of ’94, it is true, uses the word ‘presentment; we consider it here the same as indictment, and the 31st section expressly extends the jurisdiction of the Superior Court to the offence.
 

 This decision must be certified to the Superior Court of Pasquotank County.
 

 Per Curiam, Ordered, accordingly.